**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TABOR WILLIAMS,** | : | **Case No. 1:08-CV-1967** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **PEGNATO AND PEGNATO ROOF MANAGEMENT, INC., et al.,** | : | **OPINION & ORDER** |
| **Defendants.** | : | |

Pending before the Court is Plaintiff Tabor Williams' *Motion to Remand* (Doc. 10). Defendants FSN Holdings, Inc. ("FSN") and First Service Networks, Inc. ("First Service") (collectively, the "Removing Defendants") have filed a memorandum in opposition to Williams' motion (Doc. 12), and Williams has filed a reply (Doc. 16). For the reasons articulated below, Williams' *Motion to Remand* is **GRANTED in part** and **DENIED in part**. The Court orders that this action be remanded to the Cuyahoga County, Ohio Court of Common Pleas, but denies Williams' request for costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1447(c).

## I. BACKGROUND

On October 27, 2005, Williams, then a resident of California, filed a Complaint in the Cuyahoga County, Ohio Court of Common Pleas against Pegnato and Pegnato Roof Management, Inc. ("Pegnato Roof"), a corporation domiciled in California, seeking damages for injuries he sustained while repairing a roof in Ohio during the course of his employment with Pegnato Roof in August 2003 (the "State Court Action").  Williams alleged that Pegnato Roof failed to provide adequate fall protection and training.

On November 18, 2005, Pegnato Roof commenced an action in the United States Bankruptcy Court for the Central District of California by simultaneously filing: (1) a voluntary petition under Chapter 11 of Title 11 of the United States Code; and (2) an emergency motion for an order authorizing the sale of substantially all of Pegnato Roof's assets to First Service ("Pegnato Roof's Bankruptcy Matter").[1] On December 6, 2005, the Bankruptcy Court granted Pegnato Roof's emergency motion. Further, on January 3, 2006, the Bankruptcy Court entered an order approving, among various items, an asset purchase agreement between Pegnato Roof and First Service, wherein First Service agreed to purchase substantially all of Pegnato Roof's assets.

On January 30, 2006, before lawful service of the Summons and Complaint was effected in the State Court Action, the Court of Common Pleas stayed the State Court Action and removed the case from its active docket due to the commencement of Pegnato Roof's Bankruptcy Matter.

On April 27, 2006, in Pegnato Roof's Bankruptcy Matter, Pegnato Roof filed a motion for voluntary dismissal and for an order authorizing it to enter into an assignment agreement with First Service. On June 8, 2006, the Bankruptcy Court granted Pegnato Roof's motion and entered an order that dismissed Pegnato Roof's Bankruptcy Matter and authorized Pegnato Roof to enter into the proposed assignment agreement with First Service.

On February 16, 2007, the Court of Common Pleas lifted the stay in the State Court Action. On July 19, 2007, Pegnato Roof was served with Williams' Complaint. On March 12, 2008, the Court of Common Pleas entered default judgment against Pegnato Roof.

Williams then filed a Motion for Leave to File an Amended Complaint, which the Court of Common Pleas granted on July 1, 2008. The Amended Complaint stated that Williams was now a

---

[1] Pegnato Roof's Bankruptcy Matter was captioned *In re: Pegnato and Pegnato Roof, Mgmt., Inc.*, No. 05-50106, U.S. Bkptcy. Ct. (C.D. Cal.).

resident of Arizona and added Defendants FSN and First Service – corporations domiciled in Delaware and Maryland – under a theory of successor liability, and Defendants William Pegnato and Maryella Pegnato – both residents of California – under an alter ego / piercing the corporate veil theory. The Amended Complaint and Summons were served upon First Service on August 4, 2008 and upon FSN on August 5, 2008. To date, Pegnato Roof, William Pegnato, and Maryella Pegnato have not been served.

On August 13, 2008, FSN and First Service, the Removing Defendants, filed a Notice of Removal with this Court (Doc. 1). Williams then filed the pending *Motion to Remand* on September 12, 2008 (Doc. 10). After briefing by the parties (*see* Docs. 12, 16), the motion is now ripe for resolution.

## II. LAW & ANALYSIS

### A. Propriety Of Removal

A civil action is removable if the action could have been brought initially in federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . ."); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant desiring to remove a case bears the burden of establishing that original subject matter jurisdiction lies in the federal courts, and all doubts regarding the appropriateness of removal are to be resolved in favor of remand. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32-33 (2002); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

Here, the Removing Defendants assert that removal was proper on two bases, claiming the existence of both: (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331; and (2) diversity jurisdiction pursuant to 28 U.S.C. § 1332. As explained in more detail below, however, the Court

concludes that the Removing Defendants cannot meet their burden of establishing removal jurisdiction through either federal question or diversity jurisdiction and that this action must be remanded to the Cuyahoga County, Ohio Court of Common Pleas.

### 1. Federal Question Jurisdiction

In their Notice of Removal, the Removing Defendants first argue that removal was proper based on federal question jurisdiction under 28 U.S.C. § 1331, because the successor liability claims set forth against them in the Amended Complaint, and in particular their defenses to those claims, implicate federal bankruptcy law and the enforceability of a federal order – namely, the Bankruptcy Court's order dated January 3, 2006 that approved the asset purchase agreement between Pegnato Roof and First Service.[2]

Under 28 U.S.C. § 1331, a district court has federal question jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." In general, to determine the presence or absence of federal question jurisdiction, courts apply the well-pleaded complaint rule, "which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392; *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.")

---

[2] The Court notes that the Removing Defendants correctly do not argue that removal was proper based on 28 U.S.C. § 1334, i.e., the federal bankruptcy jurisdiction statute. *See* 28 U.S.C. § 1452 (allowing removal where a "district court has jurisdiction . . . under section 1334 of this title); 28 U.S.C. § 1334(b) (conferring "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11"). Because Pegnato Roof's Bankruptcy Matter was voluntarily dismissed on June 8, 2006, there is no estate being administered in bankruptcy to which this case could relate. *See Archer v. Nissan Motor Acceptance Corp.*, 324 F. Supp. 2d 805, 809 (S.D. Miss. 2004) (collecting cases and noting that federal courts lack bankruptcy jurisdiction in the absence of a bankruptcy estate).

Under the well-pleaded complaint rule, a "federal question 'is presented' when the complaint invokes federal law as the basis for relief." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003). Ordinarily, therefore, courts ignore a defendant's potential defenses when determining the existence of federal question jurisdiction in the removal context. *Id.* at 6; *Caterpillar, Inc.*, 482 U.S. at 399 ("Congress has long since decided that federal defenses do not provide a basis for removal.").

Here, the Court initially determines that, upon application of the well-pleaded complaint rule, Williams has not presented a federal question on the face of his Amended Complaint. Instead, the Amended Complaint asserts claims for intentional tort, successor liability, and piercing the corporate veil / alter ego liability – all of which are state law claims. The Removing Defendants' mere contention that the Amended Complaint is "inextricably intertwined with a previous Order of a Federal Court" does not establish that Williams has invoked federal law as the basis for his relief and therefore is an insufficient rationale to prove that this Court can exercise federal question jurisdiction under the well-pleaded complaint rule. *See Beneficial Nat'l Bank*, 539 U.S. at 12; *see also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 478 (1998) (holding that defendants' removal on the assertion that federal question jurisdiction existed because the plaintiffs' claims were precluded by prior Bankruptcy Court orders was improper; "[C]laim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal under § 1441(b). Such a defense is properly made in state court proceedings . . .").

As the Removing Defendants note, however, there are limited exceptions to the well-pleaded complaint rule where courts have upheld removal jurisdiction notwithstanding the absence of a federal question presented on the face of a plaintiff's complaint. The Sixth Circuit recently summarized these three exceptions – (1) the artful pleading doctrine; (2) the complete preemption doctrine; and (3) the substantial federal question doctrine – as follows:

-5-

> One exception is the artful pleading doctrine: plaintiffs may not "avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims." A related exception is the complete preemption doctrine: removal is proper "when a federal statute wholly displaces the state-law cause of action through complete preemption." A third exception is the substantial federal question doctrine, which applies "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."

*Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (internal citations omitted).

Here, without identifying it as such, the Removing Defendants appear to rely solely on the complete preemption doctrine as an exception to the well-pleaded complaint rule.[3] The Removing Defendants argue that the Court has federal question jurisdiction, "because district courts in both California and Ohio have determined that state-law successor liability claims have been preempted by the Bankruptcy Code, thereby conferring federal question jurisdiction pursuant to the preemption exception to the well-pleaded complaint rule." (Doc. 10 at 9.)

The Court, however, disagrees with the Removing Defendants and concludes that the complete preemption doctrine does not apply in this case. First, as pointed out by Williams, the Removing Defendants wholly ignore the fact that there are two types of preemption – ordinary preemption and complete preemption – and that only complete preemption confers federal question jurisdiction in the removal context, whereas ordinary preemption does not. *See Caterpillar, Inc.*, 482 U.S. at 398 ("The fact that a defendant might ultimately prove that a plaintiff's claims are preempted under [a federal statute] does not establish that they are removable to federal court."); *Roddy v. Grand Trunk W. R.R.*, 395 F.3d 318, 323 (6th Cir. 2005) (quoting *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995) (en banc)) ("Complete preemption that supports removal and

---

[3] The Removing Defendants clearly do not argue that the other exceptions to the well-pleaded complaint rule – the artful pleading doctrine or the substantial federal question doctrine – apply in this case to justify removal.

ordinary preemption are two distinct concepts . . . Complete preemption that permits removal is reserved for statutes 'designed to occupy the regulatory field with respect to a particular subject and to create a superseding cause of action,' while ordinary preemption applies to statutory sections that arguably supersede conflicting state laws without creating the right of removal."). Further, the district court cases cited by the Removing Defendants discuss the Bankruptcy Code only in terms of ordinary preemption; none of the cases analyze preemption in the context of removal and nowhere do these cases even mention complete preemption. *See Myers v. United States*, 297 B.R. 774 (S.D. Cal. 2003) (discussing ordinary preemption of conflicting state law successor liability claims); *In re: White Motor Credit Corp.*, 75 B.R. 944 (N.D. Ohio 1987) (same); *see also Mickowski v. Visi-Trak Worldwide, LLC*, 321 F. Supp. 2d 878 (N.D. Ohio 2003) (failing to even reach the question of ordinary preemption). In short, the Removing Defendants have not advanced any arguments that the complete preemption doctrine applies (or should apply) to the Bankruptcy Code in general or to this case specifically and therefore have failed to meet their burden of establishing that federal question jurisdiction exists under this exception to the well-pleaded complaint rule.[4]

---

[4] Moreover, the Court's independent research has not revealed that Congress intended the Bankruptcy Code to be a completely preemptive federal statute. The complete preemption doctrine is a very limited exception to the well-pleaded complaint rule and applies only in the extraordinary circumstances where Congress intends not merely to preempt a certain amount of state law, but also to transfer jurisdiction to determine the preemption question from state to federal courts. *See Metro. Life Ins. Co.*, 481 U.S. at 65-67; *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552-53 (6th Cir. 2005). In fact, the Supreme Court has recognized complete preemption under only three federal statutes: (1) section 301 of the Labor and Management Relations Act, 29 U.S.C. § 185; (2) section 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132; and (3) section 30 of the National Bank Act, 12 U.S.C. §§ 85, 86. *See Mikulski*, 501 F.3d at 563-64. Notably, the Sixth Circuit in 1990 refused to extend the complete preemption doctrine to include claims against trustees in bankruptcy. *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 585-86 (6th Cir. 1990) ("In any event, the defendants have provided no evidence whatsoever that Congress intended to create removal jurisdiction for cases in which preemption under title 11 is an issue.").

Accordingly, the Court concludes that it cannot exercise removal jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331.

### 2. Diversity Jurisdiction

In their Notice of Removal, the Removing Defendants also argue that removal was proper based on diversity jurisdiction under 28 U.S.C. § 1332, because the Amended Complaint filed on July 1, 2008 in the Court of Common Pleas establishes that there is now complete diversity between the parties and that the nature of the allegations indicates that the amount in controversy exceeds $75,000.

Williams, however, contends that the State Court Action was not removable on diversity grounds, because the case was not removed within one year from the commencement of the action in state court and, therefore, was untimely under 28 U.S.C. § 1446(b). Section 1446(b), which governs the timing of removal in actions that are not initially removable, prescribes a one-year time limitation on the ability of a defendant to remove an action based on diversity:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendants, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action*.

28 U.S.C. § 1446(b) (emphasis added). Consequently, Williams asserts that this action was commenced when he filed suit in the Court of Common Pleas on October 27, 2005 and that the Removing Defendants' removal on August 13, 2008, almost three years later, clearly violated the one-year time limitation for removal of diversity jurisdiction cases.

By contrast, the Removing Defendants respond by arguing that the removal was well within the one-year time limitation, because courts look to the law of the state in which the state court

-8-

action originated to determine when an action commences pursuant to 28 U.S.C. § 1446(b) and Ohio's definition of commencement under Ohio R. Civ. P. 3(A) links the filing of a complaint with service upon a named defendant, such that Williams' State Court Action did not commence as to the Removing Defendants until they were served with the Amended Complaint in early August 2008. In other words, the Removing Defendants contend that the commencement date under 28 U.S.C. § 1446(b) is party-specific and that there may be several different commencement dates depending on which defendant is attempting to remove.

Thus, the dispositive issue before the Court is exactly when an action is "commenced" under 28 U.S.C. § 1446(b), particularly where there are additional defendants that have been joined after the one-year time limitation already has expired. While this issue has not been addressed explicitly by the Sixth Circuit or district courts in Ohio, the Court agrees with the sound reasoning of several other district courts that have concluded that, upon considering the language, history, and purpose of the removal statute, Congress intended to prohibit the removal of diversity cases after one year from the date of the filing of the initial pleading, even where additional defendants were not joined until more than one year later. *See, e.g.*, *First Merchs. Trust Co. v. Wal-Mart Stores East, LP*, No. 1:08-CV-305, 2008 U.S. Dist. LEXIS 42259 (S.D. Ind. May 28, 2008); *Sledz v. Flintkote Co.*, 209 F. Supp. 2d 559 (D. Md. 2002); *Sasser v. Ford Motor Co.*, 126 F. Supp. 2d 1333 (M.D. Ala. 2001); *Norman v. Sundance Spas, Inc.* 844 F. Supp. 355 (W.D. Ky. 1994).[5]

---

[5] The Court disagrees with Williams' assertion that the Sixth Circuit's decision in *Brierly* explicitly addressed the issue of when an action "commences"under 28 U.S.C. § 1446(b). 184 F.3d 527. In *Brierly*, the Sixth Circuit did not indicate that the defendants presented arguments regarding the applicable commencement date of the action; instead, the Sixth Circuit merely stated that, without significant analysis, Rule 3 of the Federal Rules of Civil Procedure governed and that the action therefore began on May 12, 1994, "the date upon which Brierly filed his complaint with the [Kentucky state] court." *Id.* at 534. The Sixth Circuit's dicta, nevertheless, corroborates the Court's conclusion that the commencement date under 28 U.S.C. §

For example, the Court finds the Middle District of Alabama's decision in *Sasser* persuasive. 126 F. Supp. 2d at 1333. In *Sasser*, the plaintiff filed a lawsuit in Alabama state court on July 31, 1998 against two defendants that was not initially removable. *Id.* at 1334. On October 12, 1999, the plaintiff filed an amended complaint adding a third defendant – Ford Motor Company. *Id.* The state court judge subsequently dismissed the plaintiff's claims against the original two defendants in March 2000, leaving Ford, which was a diverse defendant, as the sole remaining defendant in the lawsuit. *Id.* at 1334-35. Ford then subsequently filed a notice of removal on diversity grounds, but the Middle District of Alabama remanded upon determining that Ford had not satisfied the one-year time limitation under 28 U.S.C. § 1446(b). *Id.* at 1336. The court concluded that the action commenced under 28 U.S.C. § 1446(b) at the time of the filing of the initial complaint, not the date on which the plaintiff filed his amended complaint adding Ford as a party. *Id.*

The Middle District of Alabama concluded that its interpretation of 28 U.S.C. § 1446(b) was correct for several reasons. *Id.* First, the court noted that removal statutes are to be construed narrowly and that "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* Second, the court noted that Congress could have worded 28 U.S.C. § 1446(b) to make the provision claim- or party-specific, but chose not to, and that the court "should not re-word the statute" to make it read that way. *Id.* Third, the court examined the legislative history of 28 U.S.C. § 1446(b) and stated that the "thrust of the comments in that history support the court's approach" – namely, that "Congress accepted a modest curtailment in access to diversity jurisdiction in exchange for avoiding substantial delay and disruption after substantial progress has been made in state court." *Id.* (internal quotations and citations omitted). And fourth, the court

---

1446(b) is the time of the filing of the initial pleading.

determined that the purpose of the one-year time limitation of 28 U.S.C. § 1446(b) was similar to the purpose of 28 U.S.C. § 1447(d), which provides that an order remanding a case to state court is generally not reviewable on appeal, because of Congress' concern with further delay. *Id.* at 1337.

Applying the reasoning of *Sasser* to this case, therefore, the Court concludes that Williams' State Court Action commenced under 28 U.S.C. § 1446(b) on the date Williams filed his original Complaint in the Court of Common Pleas on October 27, 2005, not the date on which Williams filed his Amended Complaint adding the Removing Defendants as parties, and that the Removing Defendants' removal on August 13, 2008 was prohibited by the one-year time limitation.

Further, the Court notes that the Removing Defendants' arguments regarding the applicability of Ohio commencement law are not well-taken. Even if Ohio commencement law applied in this case, *see, e.g.*, *Zumas v. Owens-Corning Fiberglas Corp.*, 907 F. Supp. 131, 132 (D. Md. 1995) (applying Maryland law), Williams' State Court Action still would have commenced when he served Pegnato Roof with the original Complaint on July 19, 2007. *See* Ohio R. Civ. P. 3(A) ("A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant . . . ."); *Hill v. Yeager*, No. WD-04-010, 2004 Ohio App. LEXIS 5115, at *6 (Sixth App. Dist. Oct. 22, 2004) ("Where service is obtained more than one year after the filing of the complaint, then the case is deemed commenced on the date service is obtained."). As discussed above, the language of 28 U.S.C. § 1446(b) is not claim- or party-specific, and the Removing Defendants have not cited any cases suggesting that Ohio commencement laws should be construed as claim- or party-specific either. Thus, even under this analysis, the Removing Defendants' removal on August 13, 2008 still would have been outside the one-year time limitation period under 28 U.S.C. § 1446(b).

Accordingly, the Court concludes that it cannot exercise removal jurisdiction based on diversity pursuant to 28 U.S.C. § 1332.

\* \* \* \* \* \*

Because the Court concludes that the Removing Defendants cannot meet their burden of establishing removal jurisdiction through either federal question or diversity jurisdiction, this action must be remanded to the Cuyahoga County, Ohio Court of Common Pleas.

**B.     Costs, Expenses, And Attorneys' Fees**

Having found that this action must be remanded, the Court next must determine whether Williams is entitled to the costs, expenses, and attorneys' fees he incurred as a result of the Removing Defendants' improper removal. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

In determining whether to order an award under 28 U.S.C. § 1447(c) in a given case, the Supreme Court recently has explained that the standard for awarding fees should turn on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Ultimately, however, the determination of whether to order an award "is within the sound discretion of the district court." *Bartholomew v. Town of Collierville*, 409 F.3d 684, 686 (6th Cir. 2005).

Here, although the Removing Defendants' arguments regarding removal were not supported by the relevant statutes or existing case law, the Court is unable to conclude that the Removing Defendants lacked an objectively reasonable basis. While this is a close question, the Court chooses

to err on the side of caution by not awarding costs, expenses, and attorneys' fees, particularly in light of the Court's finding that the specific issue before the Court with respect to the Removing Defendants' basis for removal on diversity grounds was a question of first impression for this Court. Accordingly, Williams' request for an award pursuant to 28 U.S.C. § 1447(c) is denied.

### III. CONCLUSION

For the foregoing reasons, Williams' *Motion to Remand* (Doc. 10) is **GRANTED in part** and **DENIED in part**. The Court orders that this action be remanded to the Cuyahoga County, Ohio Court of Common Pleas, but denies Williams' request for costs, expenses, and attorneys' fees under 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

**s/Kathleen M. O'Malley**
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: December 1, 2008**